1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIMMICK CONSTRUCTION COMPANY, INC., a corporation,<br><br>           Plaintiff,<br><br>     v.<br><br>RLI INSURANCE COMPANY, a corporation, and DOES 1 through 100,<br><br>           Defendants. | CASE NO.:   4:08-CV-03325- SBD<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to Local Rule 16-9, the parties submit the following Joint Case Management Statement.

1.   <u>Jurisdiction and Service</u>: Subject matter jurisdiction is based on diversity as set forth in 28 U.S.C. Sections 1332 and 1441(b) as it is between a non-resident defendant and a resident plaintiff and the amount in controversy is above the jurisdictional minimum of $75,000. There are no issues regarding personal jurisdiction or venue. All parties have been served with process.

2.   <u>Facts</u>:   This action involves an insurance coverage dispute. Defendant, RLI Insurance Company, issued a commercial property insurance policy to the Plaintiff, Shimmick Construction Company. Shimmick entered into a contract with the Sacramento Regional County Sanitation District to install a 3-mile section of a sanitary sewer pipe. RLI contends that it was unaware that, until its adjustment of this claim, a substantial portion of the pipe was located within

a flood zone that was rated "A" or "V" by the Federal Emergency Management Agency ("FEMA"). "V" usually refers to first row, beach front properties, and "A" usually, but not always, refers to properties near water. Shimmick contends that RLI's alleged lack of knowledge in this respect is not determinative of Shimmick's coverage, because RLI, given the terms of the RLI policy, had the duty to ascertain whether the physical location of the project, as reported to RLI by Shimmick, was within an "A" or "V" flood zone when RLI calculated the premium. It appears that, over the course of the 3-mile long project, some of the project was in a non-"A" or "V" flood zone, and some of the project was in an "A" flood zone. Apparently, when RLI calculated the premium for flood coverage, RLI used the non-"A" or "V" flood zone rate.

In December 2005, several rain events occurred at the project site. Shimmick contends that the project was on schedule until a flood event inundated the construction site with water, during the weekend of December 24, 2005, which required the suspension of work for several months causing delay expenses. Shimmick contends that a subsequent flood event, during the weekend of December 31, 2005, resulted in substantial physical losses, which caused Shimmick to submit a claim to RLI. Shimmick contends that, under the following provision of the RLI policy, both flood events, during the weekends of December 24 and December 31, 2005, constitute a single flood: a "'flood' that occurs within a 168-hour period during the term of this policy will constitute a single occurrence. . . ."

RLI contends that the delay damages claimed by Shimmick were not the result of property damage and, as such, are not covered by the policy. RLI contends that the delays were caused by differing site conditions discovered in September 2005 and a county ordered shut down, effective December 21, 2005. RLI also contends that Shimmick did not request "A" or "V" flood zone coverage.

The amount of the loss that Shimmick submitted to RLI, based upon most recent information, is $2,977,301. Shimmick contends that all or some of the losses that it sustained are covered under the RLI policy. However, RLI has raised issues as to whether all of Shimmick's alleged losses were caused by the December 31, 2005 flood damage, the calculation of the applicable deductible, the existence of coverage for property located in an "A" or "V" flood zone, among others.

Significantly, the facts that are disputed by the parties include, but are not limited to: (1) the cause and amount of Shimmick's losses, including its business income loss; (2) whether Shimmick has already been compensated by the County of Sacramento for some or all of its losses; (3) the amount or length of the project that fell within an "A" or "V" flood zone; (4) what duties under the terms and provisions of the RLI policy must be satisfied and by whom in order for the RLI policy to provide "A" or "V" flood zone coverage for Shimmick's loss; (5) whether RLI's handling of its claim breached the implied covenant of good faith and fair dealing; and (6) whether RLI acted with malice, oppression or fraud, which warrant an award of punitive damages.

3.  Legal Issues: Some of the legal issues consist of disagreements regarding interpretation of the RLI policy. Significantly, the issues that are disputed by the parties include, but are not limited to: (1) whether the inundations of water from approximately December 24, 2005, to December 31, 2005, constitutes a single flood; and (2) whether the RLI policy provides "A" or "V" flood zone coverage for the loss.

4.  Motions: Both parties anticipate filing motions for partial summary judgment to resolve any potential legal questions regarding the terms of the insurance policy.

5.  Amendment of Pleadings: The parties presently do not anticipate that the pleadings will be amended.

6.  Evidence Preservation: The parties have undertaken efforts to preserve evidence relevant to the issues reasonably evident in this action. Defendant initiated a litigation hold in this matter to ensure that evidence relevant to the issues in this matter would be preserved.

7.  Disclosures: The parties anticipate that initial disclosures will be exchanged no later than July 30, 2008.

8.  Discovery: The parties have agreed to conduct discovery in distinct phases, with written discovery preceding oral depositions of the parties and percipient witnesses, which together will precede expert discovery. The parties propose the dates contained in Section 17 as the sequence of discovery in this case.

9.  Class Actions: This case is not a class action.

10. Related Cases: There are no related cases.


11. <u>Relief</u>: Plaintiff seeks monetary damages. Plaintiff's contractual damages are itemized as follows:

| Description of Work | Direct Costs |
|---|---|
| Restore Excavations & Site (combined 1, 2, 8 and 9) | $89,192 |
| Install and Remove Gerber Creek Bypass | $88,102 |
| Establish and Removal of Gerber Road Drainage | $12,418 |
| Regrade and Re-establish Wetlands | $0 |
| Install and Remove Galvez Access Road | $4,501 |
| Establish and Removal of Florin Road Damage | $11,240 |
| Clean Pipe | $85,359 |
| Clean PVC Liner | $115,273 |
| Credit PVC Liner | $0 |
| Redo Trench Backfill | $31,697 |
| Install and Remove Bains Access Road | $21,573 |
| Maintain Site | $0 |
| Equipment Costs | $656,927 |
| Demob/Remob Equipment | $183,710 |
| Fence Site | $45,887 |
| Additional SWPPP Measures | $43,446 |
| Utility Costs RE Trailer | $14,672 |
| Utility Costs SCCI Trailer | $12,715 |
| Field Office Overhead (Labor) | $268,496 |
| Field Office Overhead (Vehicles and Expenses) | $67,797 |

| Description of Work | Direct Costs |
|---|---|
| Escalation for Labor | $268,496 |
| Escalation for F.O.G. | $33,339 |
| Remove and Reset Pipe | $0 |
| Liquidated Damages | $0 |
| Loss of Income | $1,000,000 |
| Insurance Premiums | $77,803 |
| Escalation of Permanent Materials | $43,703 |
| **Total** | **$2,977,301** |

These damages consist of Shimmick's expenses caused by the flood and corresponding delay, with the exception of Shimmick's loss of business income claim, which is calculated according to the terms and conditions of the RLI policy. Shimmick also contends that it is entitled to extra-contractual damages in amounts to be proved at Trial.

12. <u>Settlement and ADR</u>: The parties are amenable to non-binding mediation. However, they believe that, before they set a mediation date, they should fully review the initial disclosures.

13. <u>Consent to Magistrate Judge for All Purposes</u>: The parties do not consent to a magistrate judge for all purposes.

14. <u>Other References</u>: This case is not suitable for any other reference(s).

15. <u>Narrowing of Issues</u>: There are presently no agreements or motions that could narrow the issues in this case. The parties are willing to consider whether certain issues at trial may be presented through stipulated facts.

16. <u>Expedited Schedule</u>: There is no need for an expedited schedule.

17. <u>Scheduling</u>: The parties propose the following dates:

    a.    Non-Expert Discovery deadline:    March 31, 2009

    b.    Disclosure of experts:    April 20, 2009

|   |     |                                    |                    |
|---|-----|------------------------------------|--------------------|
| c.  | Disclosure of rebuttal experts: | May 18, 2009 |
| d.  | Expert Discovery deadline:      | June 29, 2009 |
| e.  | Dispositive motions:            | July 27, 2009 |
| f.  | Joint Pre-Trial Order:          | September 14, 2009 |
| g.  | Trial:                          | October 5, 2009 |

18. <u>Trial</u>: The parties have both requested jury trials. The parties anticipate the length of Trial will be 10 to 15 court days. Defendant's trial counsel is unavailable the month of July 2009.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>: The parties have filed their Certification of Interested Entities or Persons.

DATED: July 30, 2008                    YARON & ASSOCIATES

                                        By: _____
                                        HENRY M. SU, ESQ.,
                                        Attorneys for Plaintiff SHIMMICK
                                        CONSTRUCTION COMPANY

DATED: July 30, 2008                    CARLSON, CALLADINE & PETERSON LLP

                                        By: _____
                                        NANCY J. STROUT, ESQ.,
                                        Attorneys for Defendant RLI INSURANCE
                                        COMPANY

|  |  |
|---|---|
| Exchange of rebuttal experts | May 18, 2009 |
| Close Discovery deadline | June 1, 2009 |
| Dispositive motions | July 27, 2009 |
| Pre-Trial Order | September 14, 2009 |
| Trial | October 5, 2009 |

The parties have both requested jury trials. The parties anticipate the length of trial... Defendant's trial counsel is unavailable the month of July 2009.

Identity of Non-Party Interested Entities or Persons. The parties have filed their certificates of interested entities or persons.

YARON & ASSOCIATES

By: _____
HENRY M. NIU, ESQ.,
Attorneys for Plaintiff SHIMMICK
CONSTRUCTION COMPANY

CARLSON, CALLADINE & PETERSON LLP

By: _____
NANCY J. STRAUT, ESQ.,
Attorneys for Defendant RLI INSURANCE
COMPANY

DATED: July 30, 2008

JOINT CASE MANAGEMENT STATEMENT

## PROOF OF SERVICE

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is Yaron & Associates, 601 California St., 21st Floor, San Francisco, California 94108-2826.

On **July 30, 2008**, I served the within:

**JOINT CASE MANAGEMENT STATEMENT**

on all parties in this action as listed by ECF

---

☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses above and *(specify one):*

  ☐ (1) deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.
  ☐ (2) placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **VIA ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **July 30, 2008**, at San Francisco, California.

_____
MARISELA H. NAVRRO