DONALD W. CARLSON [Bar No.: 79258]
JOYCE C. WANG [Bar No.: 121139]
NANCY J. STROUT [Bar No.: 121096]
CARLSON, CALLADINE & PETERSON LLP
353 Sacramento Street, 16th Floor
San Francisco, California 94111
Telephone:   (415) 391-3911
Facsimile:    (415) 391-3898

Attorneys for Defendant
RLI INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIMMICK CONSTRUCTION COMPANY, INC., a corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RLI INSURANCE COMPANY, a corporation, and DOES 1 through 100,<br><br>Defendants. | CASE NO.:   C 08-02214 SBA<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br><br>Action Filed: March 24, 2008 |

**WHEREAS**, Plaintiff SHIMMICK CONSTRUCTION COMPANY, INC. ("Shimmick") and Defendant RLI INSURANCE COMPANY ("RLI"), (individually "Party" and collectively "Parties"), agree that discovery in this action may involve the disclosure by one or more Parties of confidential, private, trade secret, proprietary, technical, personal, financial or business information ("Confidential Information"), and therefore desire to enter into this Stipulate Confidentiality Agreement and Protective Order ("Confidentiality Order").

**NOW THEREFORE, THE PARTIES AGREE AND IT IS HEREBY ORDERED** as follows:

1. The Parties are bound by this Protective Order concerning the disclosure of Confidential Information in the possession, custody or control of any Party to this Action.

164547_1.DOC

---

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**
**CASE NO.: C 08-02214 SBA**

CARLSON CALLADINE & PETERSON LLP
353 SACRAMENTO STREET
16TH FLOOR
San Francisco, CA 94111

2. As used herein, the term "Confidential Information" shall mean any material that the Designating Party, in good faith, considers to be confidential and designates as "Confidential Information" as provided herein. Confidential Information may be disclosed only in accordance with this Stipulated Protective Order.

3. All documents or information obtained during the course of this Action, and anything derived from those documents or information designated as Confidential Information, as well as deposition testimony in these proceedings, shall be treated as Confidential Information and used solely in connection with this action or an appeal therefrom, and not for any other purpose, including without limitation any other litigation or any business or competitive purpose or function, and in accordance with the provisions of this Confidentiality Order, unless otherwise agreed to in writing by the Parties.

4. Except upon prior written consent of the producing Party or otherwise required by law, Parties to whom any document or information described in Paragraphs 1, 2, and 3 above is disclosed shall not disclose such material or information contained therein to any persons other than the following, to whom it may be disclosed only in connection with this Action:

    a. Counsel to the Parties having responsibility for this Action or the settlement thereof, and their associates, paralegals, and support staff;

    b. The Parties' officers, directors, in-house counsel, employees, former employees, and agents, but only such individuals who are required to work directly in connection with this Action;

    c. Experts or consultants (including their employees, associates, and support staff) retained by a Party in connection with this Action;

    d. Deponents and witnesses in this Action, but only during or in discussion of testimony by such persons and in connection with preparation therefor;

    e. The court reporter who transcribes or the videographer who records testimony at a deposition;

    f. Any of the Parties' reinsurers, reinsurance intermediaries, retrocessionaires, regulators, claim handling agents/consultants, or auditors;

  g. The Court and its personnel (including special masters, if any, and court reporters);

  h. Any person as ordered by the Court;

  i. Any arbitrator, mediator, or discovery referee in this Action, and employees and similar personnel of any such arbitrator, mediator, discovery referee.

Documents and other material described in paragraphs 1, 2, and 3 above shall not be disclosed to any person or persons identified in Paragraphs 4(b)-(f) and (h) above unless and until such person has been advised of the existence of this Confidentiality Agreement and instructed to keep the information confidential.

5. Any Party may, in good faith, designate as "HIGHLY CONFIDENTIAL" all or any part of a discovery response, initial disclosure, deposition, tangible item, or document which is disclosed, given, or provided. This designation is accomplished for documents by marking the words "HIGHLY CONFIDENTIAL" on the face of the writing and each page so designated. For tangible items, this designation is accomplished by marking "HIGHLY CONFIDENTIAL" on the face of the item. By identifying any such material as "HIGHLY CONFIDENTIAL," counsel for the Party so designating certifies that he or she believes, in good faith, that such material meets the requirements for filing under seal set forth in Northern District of California Civil Local Rule 79-5.

6. The authority to designate information as being "HIGHLY CONFIDENTIAL" is vested solely and absolutely in the Parties to this action. A Party's authority to so designate is not limited to information in that Party's possession, custody, or control.

7. Any Party designating anything as "HIGHLY CONFIDENTIAL" shall have the "HIGHLY CONFIDENTIAL" notation marked at least partially in red ink. Each Party shall also maintain records and information sufficient to establish which documents that Party has designated as "HIGHLY CONFIDENTIAL". (The purpose of this requirement is to avoid confusion regarding documents that may have been previously marked as confidential but which are not so designated in this action.) Such records and information shall be provided by any designating Party as reasonably requested by any other Party from time to time.

164547_1.DOC        3

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**
**CASE NO.: C 08-02214 SBA**

8.   A Party may designate anything that was produced to another Party prior to the effective date of this Confidentiality Order pursuant to the producing Party's initial disclosure requirements or in response to another Party's written discovery request as "HIGHLY CONFIDENTIAL" by: (a) forwarding a copy of the material to be identified as "HIGHLY CONFIDENTIAL" to the other Parties; (b) marking that material as "HIGHLY CONFIDENTIAL" consistent with this section; and (c) providing a written request that the previously produced material that is being replaced by the "HIGHLY CONFIDENTIAL" material either be destroyed or be returned to the producing Party. Upon receipt of the "HIGHLY CONFIDENTIAL" material and written request, the receiving Party must either destroy or return the documents at the election of the producing Party within thirty (30) days.

9.   If a producing Party inadvertently fails to mark or designate a document "HIGHLY CONFIDENTIAL," such Party may designate such material as "HIGHLY CONFIDENTIAL" by giving written notice to each receiving Party and providing properly marked or designated copies within 15 (fifteen) days of such notice.

10.   Parties to whom "HIGHLY CONFIDENTIAL" material is disclosed shall not disclose such material or information contained therein except to persons described in Paragraphs 4(a)-4(c) and 4(f) and pursuant to provisions of paragraph 4, and only to such individuals who are required to work directly in connection with this Action.

11.   If during a deposition, any Party in good faith asserts that an answer to a specific inquiry is likely to contain "HIGHLY CONFIDENTIAL" material, said inquiry will be answered only in the presence of attorneys of record and persons described in Paragraphs 4(a)-4(c) and 4(e) hereof (to the extent Paragraphs 4(a)-4(c) and 4(e) permit disclosure of the information to those persons) and the substance and transcript of such testimony shall be sealed and subject to disclosure under the terms and provisions set forth herein for written discovery responses disclosing or containing "HIGHLY CONFIDENTIAL" material.

12.   Notwithstanding, and in addition to, the provisions of Paragraph 11, any party may, in good faith, designate all or part of a deposition transcript as "HIGHLY CONFIDENTIAL" by: (a) stating on the record at the deposition that all or part of such testimony is "HIGHLY

CONFIDENTIAL;" (b) giving written notice to each counsel present at the deposition within 10 (ten) days after receipt of the deposition transcript of the parts of the testimony which should be considered "HIGHLY CONFIDENTIAL;" (c) giving written notice to each counsel present at the deposition and obtaining their consent; or (d) order of the Court on noticed motion. The portions of a deposition transcript so designated shall be bound in a separate volume and marked, on each page, with the words "HIGHLY CONFIDENTIAL." By identifying all or part of a deposition transcript as "HIGHLY CONFIDENTIAL," counsel for the Party so designating certifies that he or she believes, in good faith, that such material meets the requirements for filing under seal set forth in Northern District of California Civil Local Rule 79-5.

13. With respect to anything designated "HIGHLY CONFIDENTIAL" at or during a deposition, the portion of the original of the transcript which sets forth or contains "HIGHLY CONFIDENTIAL" material shall be sealed and held by the court reporter and shall not be filed except pursuant to Paragraph 19 of this Confidentiality Order. If after receipt of a deposition transcript, any Party or its counsel determines that the transcript discloses or contains "HIGHLY CONFIDENTIAL" material, a Party may designate portions of the transcript which contain or disclose "HIGHLY CONFIDENTIAL" material as "HIGHLY CONFIDENTIAL" by written notice to the reporter and all counsel of record, given by a Party after the transcript is received. All counsel receiving such notice shall be responsible for marking the designation on copies of the transcript or portions thereof in their possession and control as directed by the designating Party.

14. Notwithstanding any other provisions of this Confidentiality Order, any Party may request at any time permission to disclose material produced in connection with this Action to a person other than those permitted as provided under this Confidentiality Order by serving written request upon counsel for the producing Party. This request shall set forth the documents or other materials that the Party wishes to disclose and the person to whom the Party wishes to disclose the materials. Nothing in this Confidentiality Order shall prohibit the Party seeking to make disclosure from submitting the matter to the Court for resolution.

15. Any court reporter who transcribes, or the videographer who records, the testimony in this Action at a deposition shall agree, before transcribing or recording any such testimony

(1) that all testimony regarding "HIGHLY CONFIDENTIAL" material is and shall remain confidential and shall not be disclosed except as permitted by this Confidentiality Order; and (2) that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such court reporter or will be delivered to the attorneys of record or filed with the Court in accordance with paragraph 19 of this Confidentiality Order.

16. Nothing contained in this Confidentiality Order shall affect the rights of a Party to use or disclose material that only that Party has designated as "HIGHLY CONFIDENTIAL".

17. Under Paragraph 4(c), the disclosing party shall inform each expert and consultant of the terms of this Confidentiality Order and obtain, pursuant to Paragraph 18, such person's written agreement to be bound by the terms of this Confidentiality Order prior to disclosing any "HIGHLY CONFIDENTIAL" material to the expert or consultant.

18. All disclosures of "HIGHLY CONFIDENTIAL" material shall be subject to the following procedures:

(a) Each person to whom any "HIGHLY CONFIDENTIAL" material is disclosed other than those persons described in Paragraphs 4(a), 4(b), 4(e), 4(f), 4(g) must first be provided with a copy of this Confidentiality Order and read and sign the agreement in Exhibit A, "Agreement Regarding Confidential Discovery Information" ("Exhibit A"); except that a Party need not comply with this Paragraph 18(a) for those persons to whom that Party discloses "HIGHLY CONFIDENTIAL" material which only that Party has designated as "HIGHLY CONFIDENTIAL". All executed Exhibit A's obtained by a Party shall, upon request, be made available for inspection and copying by other counsel of record herein. However, such Exhibit A's executed by expert witnesses, consultants, and their employees (or similar personnel) need not be provided to other counsel until such persons are designated as witnesses for trial and intend to testify at trial or until the final resolution of this action, whichever first occurs.

  (b) Counsel shall maintain a log which, for each individual to whom "HIGHLY CONFIDENTIAL" material has been disclosed, other than those described in Paragraphs 4(a), 4(b), 4(e), 4(f), 4(g), and 4(i), which (1) lists the individual's name; (2) identifies the "HIGHLY CONFIDENTIAL" material to which access has been given; and (3) states the dates access was given and the dates any documents were returned, if any documents were released. Counsel shall maintain along with such log, for each listed individual a signed copy of the Exhibit A required by paragraph 18(a) of this Confidentiality Order.

19. If any paper to be filed with the Court in this action discloses or contains "HIGHLY CONFIDENTIAL" material, then such papers shall be filed with the Court in an envelope under seal pursuant to Northern District of California Civil Local Rule 79-5. A Party may subsequently request that the Court lift the seal on "HIGHLY CONFIDENTIAL" material that has been filed under seal. Such material shall continue to be protected in accordance with the provisions of this Confidentiality Order until such request is resolved. Except for the Court and the Court's personnel, no Party shall request or cause such sealed envelope to be opened without an order from the Court identifying by name the person or persons who may have access to the sealed material, and specifically designating which portions of the sealed file may be revealed to them. When papers disclosing or containing information designated "HIGHLY CONFIDENTIAL" material are filed under seal, the cover of such papers shall contain the caption of this action and the following legend:

> This envelope is filed under seal pursuant to the Stipulated Confidentiality Agreement and Protective Order entered on _____. This envelope contains documents that are subject to an Order governing discovery and the use of confidential discovery material. Pursuant to such Order, this envelope shall not be opened nor the contents thereof displayed or revealed except by order of the Court. Violation of this Order may be regarded as contempt of the Court.

20. This Confidentiality Order shall survive the termination of this Action and shall continue in full force and effect thereafter. Upon termination of this Action and the expiration of

any and all appeals therefrom, all parties and entities who have received designated "HIGHLY CONFIDENTIAL" materials shall, if requested, (a) within 15 (fifteen) days after such request return to counsel for the producing Party all such material, including not only the original copies produced, but any copies the opposing Parties and their attorneys and their experts or others reproduced from the originals, as well as any summaries, notes, or other documents which are based on these confidential documents, unless they are protected by the work product doctrine or an applicable privilege or (b) destroy all such material.

21. This Confidentiality Order may be modified only by written stipulation signed by counsel for all Parties and approved by the Court or by further order of the Court.

22. This Order is without prejudice to the right of any Party to seek modification from the Court with respect to any specific materials, and nothing herein shall prejudice the right of any Party to object to any deposition question, request for production of documents, interrogatory, or any other discovery request. However, any document or thing designated "HIGHLY CONFIDENTIAL" shall be, and shall remain, protected as provided by this Confidentiality Order unless and until such designation is either waived by the designating party or denied by a further order of the Court.

23. This Order does not entitle any Party to receive in discovery any information which is beyond federal or state statutory or case law. Nothing herein shall impose any restriction on the use or disclosure by a Party of documents or information lawfully obtained by such Party independently of discovery proceedings herein.

24. If any Party disputes the designation by any other Party of any document or information as "HIGHLY CONFIDENTIAL," the Parties shall attempt to resolve by agreement the question of whether or on what terms the document or information is entitled to such treatment. If the Parties are unable to agree as to whether or on what terms a document or other information should have been designated "HIGHLY CONFIDENTIAL," the Parties may seek resolution of the matter with the Court. Until resolution of such a dispute occurs, all Parties shall treat the designated document or documents as "HIGHLY CONFIDENTIAL." A Party seeking to assert that the "HIGHLY CONFIDENTIAL" designation is not properly designated has the

164547_1.DOC 8

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
CASE NO.: C 08-02214 SBA

burden of establishing that point. If such request is made, the Parties will treat the document, information, or thing as "HIGHLY CONFIDENTIAL" until such time as the Court orders the designation removed.

25. This Confidentiality Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to the "HIGHLY CONFIDENTIAL" material.

26. Nothing in this Confidentiality Order shall preclude any Party from using its own documents or information even if such documents or information have been designated "HIGHLY CONFIDENTIAL."

27. When one Party requests a deponent to sign the Exhibit A described in Paragraph 18 above, the other Party's attorney shall join in such request, unless that attorney has a good faith basis for refusing to join in such a request; provided, however, that this requirement shall not apply with respect to any deponent who is represented at his or her deposition by an attorney for any Party or any attorney at their respective law firms. An attorney's request to sign such Acknowledgment pursuant to this paragraph shall not be construed to constitute legal advice to the deponent or to constitute agreement by an attorney or Party that such written Acknowledgment and Agreement is required to be signed, or to constitute a waiver by any attorney or Party of the right to challenge any designation of material or deposition testimony, but shall and may be stated to be simply a request to facilitate discovery in this action.

28. Neither entering into this Confidentiality Order, nor receiving any material designated as "HIGHLY CONFIDENTIAL" is or shall be construed as an agreement or admission (1) that any material is or is not "HIGHLY CONFIDENTIAL"; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "HIGHLY CONFIDENTIAL"; or (3) as to the authenticity, competency, relevancy, or materiality of any information or document designated "HIGHLY CONFIDENTIAL." Failure to challenge a "HIGHLY CONFIDENTIAL" designation shall not preclude a subsequent challenge thereto.

29. If at any time any document or information protected by this Confidentiality Order or produced in this Action is sought, pursuant to any request, lawful subpoena, demand by any

court or other governmental body, request by any person or entity purporting to have authority to require the production of such information, or other legal process, from any person or entity which is subject to this Confidentiality Order, the person or entity which is subject to this Confidentiality Order to whom the subpoena or other request is directed shall immediately, and not later than 7 (seven) days after receiving the subpoena or other request, give written notice thereof to the producing Party with respect to such information and shall reasonably cooperate with the producing Party to permit it reasonable opportunity to pursue formal objections to such disclosures. The producing Party may then seek to prevent disclosure by filing a motion for protective order or taking other appropriate action and, in that event, the material shall not be disclosed before the producing Party has had a reasonable opportunity to file such motion or take such action. In the event that the producing Party files a motion for a protective order or takes other action to prevent disclosure of these materials, the materials at issue shall maintain their status and be treated as "HIGHLY CONFIDENTIAL" or Confidential Information under this Confidentiality Order until a ruling on such motion or other action is issued by the Court, or other governing body with jurisdiction. However, the subpoenaed person or Party is not required to incur expenses or to subject itself to contempt or sanctions for disobeying the subpoena or other request.

30. In the event a Party inadvertently produces a document or information that the producing Party believes is subject to a privilege or other legal protection, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or act as estoppel to, any claim of privilege, work product, or other ground for withholding information that the Party otherwise would be able to assert; provided, however, that the producing Party must give written notice to all Parties, within 10 (ten) days of learning of the inadvertent production, that the document or information is subject to a privilege or other legal protection and provided that such notice is given no later than 60 days before trial. The notice shall state the nature of the privilege or protection claimed, and shall provide information explaining the basis for the invocation of the privilege or protection.

a. Upon receipt of such notice, the receiving Party shall promptly return the material (or portion thereof) that the producing Party claims was inadvertently produced, including any copies that are not destroyed. In the event that only part of a document is claimed to be subject to a privilege or other legal protection, the producing Party shall furnish redacted copies of the document, redacting only those portions that the producing Party claims are privileged.

b. If the receiving Party disputes the claim of privilege, the recipient of the notice provided for in paragraph 30 may retain the document, and inform the producing Party, in writing, not later than ten (10) days after receipt of the producing Party's notice, that the claim of privilege is disputed. Not later than fifteen (15) days after service of notice that the receiving Party disputes the claim of privilege, the producing Party may move the Court for an order declaring that the disputed document is privileged.

c. In the event the receiving Party disputes the claim of privilege and the producing Party files a motion for an order declaring that the disputed document is privileged, and at all times before the entry of a court order declaring that the disputed document is not privileged, the recipient of such notice shall segregate each disputed document from other documents and treat such documents in a manner consistent with paragraphs 30(c)(i)-(ii). The inadvertent production of documents or information that the producing Party believes is subject to a privilege or other protection shall in no way prejudice or constitute a waiver of or estoppel to any claim of privilege or other ground for withholding documents or information.

(i) A disputed document or information may be used with a motion addressing the claim of privilege or other protection or with an opposition thereto. If the disputed document is filed with the Court,

164547_1.DOC 11

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
CASE NO.: C 08-02214 SBA

                    it shall be filed under seal pursuant to Northern District of California Civil Local Rule 79-5.

        (ii)    No Party may use any such disputed document or information for any other purpose before the resolution of a motion addressing the claim of privilege or other legal protection, unless the time for filing such a motion has expired.

    d.    If the Court rules that the document is privileged, all Parties shall return the document, and any other copies of it in their possession or control, to the producing Party.

31. Nothing in this Confidentiality Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

32. The provisions of this Confidentiality Order shall apply to any materials produced in connection with this Action before, on, and after the date this Confidentiality Order is entered.

33. Where a Party has provided any designated "HIGHLY CONFIDENTIAL" materials or information to a retained expert or consultant or any other person or entity, it shall be the responsibility and obligation of both the Party and the person or entity to whom or which the material was provided to return or destroy the material.

34. Prior to trial of this action, the Parties will discuss with the Court appropriate procedures to be used to protect the confidentiality of "HIGHLY CONFIDENTIAL" materials or information used at trial. Any such procedures must balance the need to protect the confidentiality of "HIGHLY CONFIDENTIAL" material with the need to allow the Parties to use such material as necessary at trial, as well as to allow such "HIGHLY CONFIDENTIAL" material to be shown to the jury as needed.

35. This Stipulation for Protective Order may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one instrument.

DATED: August 7, 2008        YARON & ASSOCIATES

By: _____

164547_1.DOC    12

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**
**CASE NO.: C 08-02214 SBA**

| | |
|---|---|
| | HENRY M. SU, ESQ.,<br>Attorneys for Plaintiff SHIMMICK<br>CONSTRUCTION COMPANY |
| DATED: August Sept 22, 2008 | CARLSON, CALLADINE & PETERSON LLP |
| By: | /s/ Wang<br>JOYCE C. WANG, ESQ.,<br>Attorneys for Defendant RLI INSURANCE<br>COMPANY |

**ORDER**

The Court, having reviewed the foregoing Stipulated Confidentiality Agreement and Protective Order and good cause appearing therefor, **IT IS SO ORDERED**.

Dated: October 2, 2008

Saundra Brown Armstrong
United States District Judge

IT IS SO ORDERED
Judge Edward M. Chen

164547_1.DOC

13

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**
**CASE NO.: C 08-02214 SBA**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

*Shimmick Construction Company, Inc. v. RLI Insurance Company*
United States District Court
Northern District of California
No. C 08-02214 SBA

I, _____, declare under penalty of perjury under the laws of the State of California and of the United States of America that I have read in its entirety the Stipulation and Protective Order in the above-referenced action, and I agree to adhere to and be bound by its terms.

SIGNED: _____

DATED: _____